Turley, J.
delivered the opinion of the court.
This is an action of trover and conversion brought by Patrick Stewart, against John Mills. Upon the trial, it appeared that the plaintiff claimed title to the property sued for, a negro named Green, by virtue of a pledge or pawn from one John Saunders; the negro having been left in his possession as security for the return of another, named Lewis, the property of Stewart, which he had permitted Saunders to take into possession, and which was never returned. ^
But it further appeared, that Saunders had previously, to wit, on the 10th day of January, 1841, conveyed the negro Green in trust to secure the payment of a debt due to the defendant Mills, which deed of trust had been afterwards satisfied by a part payment of the debt, and a new deed executed on the 12th day of August, 1842, conveying the said negro Green again in trust, as security for the balance of the debt due to the defendant. In the interim between the dates of the two deeds of trust, the negro was delivered to the plaintiff in pledge as above stated. It further appeared, that the plaintiff afterwards delivered up the ne¿ro to be sold in satisfaction of the said deed of trust, and that he was sold and purchased by the defendant.
*309 On the trial, plaintiff attacked this deed of trust, .upon the ground that it was fraudulent, and void as to creditors, and therefore void as to him; and insisted, that when he agreed to part with the possession, and permitted the negro to be sold in satisfaction of the trust, he did so in ignorance of his rights, and in consequence of erroneous information, received from defendant. Much proof is heard as to the fraudulent character of the deed of trust, and some legal difficulty is raised as to the plaintiff’s right to protect himself therefrom, by reason of his possession as pawnee. We do not deem it necessary to enter into an investigation of either the one or the other, as we do not think the case turns upon either. We hold that the law is, that a pawnee for a valuable consideration may protect himself against a fraudulent reconveyance executed by his pawnor, but that this is by virtue of possession; and that if he voluntarily deliver up the possession, this right is gone: but it is contended, that in the present case such delivery of possession was not voluntary, but was induced by a misconception of his rights, produced by a want of correct information as to the nature of defendant’s rights, produced by the production of the first deed of trust by him without the endorsement of a satisfaction thereon, which had been entered when the second was taken.
We think this can make no difference in this form of action. The possession constituted the plaintiff’s legal title; having parted from it voluntarily, he has lost that title; and if he had been induced so to do by the fraudulent misrepresentations of the defendant, his remedy, if he has any, is in equity, inasmuch as his legal title can only be restored by a restoration of the possession, for the regaining of which he can maintain no suit at law.
We therefore reverse the judgment, and remand the cause for a new trial.